UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHRISTIAN MORALES,

       Plaintiff,

  -v-                                                No. 14 CV 8196-LTS-KNF

CAROLYN W. COLVIN, ACTING
COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

       Defendant.
-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiff Christian Morales ("Plaintiff") brings this action against the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. section 405(g), seeking judicial review of the Commissioner's final decision, dated February 28, 2013, denying Plaintiff's application for disability insurance benefits and Supplemental Security Income for the period between July 8, 2008, through April 31, 2011. On September 8, 2015, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation (the "Report") (dkt. entry no. 17), recommending that Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be granted, and that Plaintiff's Motion for Judgment on the Pleadings be denied. Plaintiff timely filed objections to the Report, and Defendant filed a response. The Court has carefully considered the Report, Plaintiff's Objections, and Defendant's response to the Objections. For the following reasons, the Report is adopted in its entirety and Defendant's Motion for Judgment on the Pleadings will be granted.

PROCEDURAL HISTORY

Plaintiff filed for supplemental security income on July 8, 2008, on the basis of disability due to ulcerative colitis.  (SSA Admin. R. at 16, dkt. entry no. 2.)  Plaintiff's claim was denied on October 16, 2008.  (R. at 16.)  On November 21, 2008, Plaintiff filed a written request for a hearing pursuant to 20 C.F.R. section 416.1429 et seq.  (Id.)  A hearing was held on January 7, 2010, before Administrative Law Judge ("ALJ") Mark Hecht.  (Id.)  Plaintiff's application for disability benefits was denied in ALJ Hecht's decision dated January 29, 2010.  (Id.)  On February 16, 2010, Plaintiff sought review of ALJ Hecht's decision.  (R. at 8.)  This request was denied by the Appeals Council on November 23, 2010.  (R. at 1.)

Plaintiff then filed a Complaint in the Southern District of New York on November 18, 2011, against Michael Astrue, then-Commissioner of Social Security, seeking to overturn the Appeals Council's decision.  (R. at 431.)  Pursuant to an agreement between the parties, the Court ordered the matter remanded to the Commissioner of Social Security for further administrative proceedings to: (1) determine whether the overall assessment that Plaintiff was capable of doing light work prior to May 1, 2011, was appropriate; (2) make a clear determination as to the weight assigned to various statements of fact; and (3) make a determination as to whether Plaintiff's nonexertional impairments could have affected Plaintiff's daily life, further diminishing Plaintiff's residual functional capacity and rendering ALJ Hecht's finding that Plaintiff could perform light work incorrect.  (R. at 431, 437.)

The hearing on remand was held on January 31, 2013, before ALJ Michael Friedman.  ALJ Friedman announced a partially favorable decision on February 28, 2013, finding that Plaintiff was disabled as of May 1, 2011.  (R. at 393.)  On August 7, 2014, the Appeals Council denied review of ALJ Friedman's decision, making it the final decision of the

Commissioner of Social Security.  (R. at 386.)

In denying Plaintiff's application for disability benefits prior to May 1, 2011, ALJ Friedman made the following findings of facts relevant to Plaintiff's Complaint: (1) a medical report by Plaintiff's treating physician, Dr. Wang, that Plaintiff's ulcerative colitis was well-maintained prior to May 1, 2011, merited significant weight (R. at 400); (2) a medical report by Drs. Blank and Rosen, to the extent it contradicted the record, did not merit significant weight because the assertions in it were not substantiated by treatment history or anything on the record (R. at 401-02); (3) to the extent that Plaintiff experienced nonexertional impairments, those impairments did not affect his daily life, and were consistent with the finding that Plaintiff had a residual functional capacity to perform light work (R. at 404); and (4) because Plaintiff's nonexertional limitations were found to be moderate, and of negligible effect on his residual functional capacity classification, use of a vocational expert to determine what jobs were available in the national economy that Plaintiff could perform was unnecessary, and application of Medical-Vocational Rule 202.20 was appropriate.  (R. at 399-401.)  Following the partial denial of Plaintiff's application by the ALJ, and the Appeals Council's decision not to review, Plaintiff filed the instant Complaint challenging the ALJ's decision and seeking an order reversing the Commissioner's final decision that Plaintiff did not become disabled before May 1, 2011, and requesting that the case be remanded solely for the calculation of benefits owed to Plaintiff, or, in the alternative, for additional administrative proceedings.  (Dkt. entry no. 1.)

The case was referred to Judge Fox on October 22, 2014.  (Reference Order, dkt. entry no. 3.)  Plaintiff moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Defendant cross-moved for judgment on the pleadings, seeking an order affirming the Commissioner's decision that the Plaintiff was not disabled prior to May 1,

2011, and is therefore ineligible for disability benefits covering the period prior to that time.

Judge Fox's Report recommends that the Plaintiff's motion be denied and the Defendant's motion be granted. Plaintiff objects to the Report, arguing that Judge Fox erred in finding: (1) that the ALJ's decision to give significant weight to statements made by Dr. Wang, Plaintiff's treating physician, over a medical report by Drs. Blank and Rosen, was supported by substantial evidence; and (2) that the ALJ's decision to apply the Medical-Vocational guidelines in § 202.20, rather than requiring a vocational expert to assess Plaintiff's capabilities in light of his nonexertional limitations, was also supported by substantial evidence.[1]

## DISCUSSION

When reviewing a Magistrate Judge's report and recommendation, the District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.S. § 636(b)(1) (Lexis Supp. 2015). Once the District Court is satisfied that there is no clear error on the face of the record, the Court is permitted to adopt those sections of the report to which no specific objections have been made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985). The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C.S. § 636(b)(1). However, where "[a] party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the district court reviews the report and recommendation only for clear error." Silva v. Peninsula

---

[1] A Commissioner's determination may not be set aside if it is based on "substantial evidence," and is not based on legal error. Shaw v. Charter, 221 F.3d 126, 131-32 (2d Cir. 2000). On judicial review, the Court only "conduct[s] a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." Id.

Hotel, 509 F.Supp.2d 364, 366 (S.D.N.Y. 2007); see also Edwards v. Fischer, 414 F.Supp.2d 342, 347 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [pleadings], reviewing courts should review a report and recommendation for clear error." (internal quotation marks omitted)).

In this case, both of Plaintiff's objections to the Report were raised in Plaintiff's Motion for Judgment on the Pleadings, and were specifically addressed by Judge Fox in his Report.  (Mem. Law. Supp. Pl.'s Mot. J. Pleadings at 18-25, May 11, 2015, dkt. entry no. 10; Report, 8-10.)  Plaintiff makes no specific objections to the Report itself and therefore the Court finds that the appropriate standard of review is clear error.  See Edwards, 414 F.Supp.2d at 347.

After thorough review of Judge Fox's comprehensive and well-reasoned Report, the Court finds no clear error.  In reviewing the decision of ALJ Friedman, Judge Fox properly determined that both of the findings Plaintiff objected to were supported by substantial evidence, and that the ALJ sufficiently explained his decisions.  (Report at 9.)  See 42 U.S.C.S. § 405(g) (Lexis 2010) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").[2]  Therefore, the Court adopts the Report in

---

[2] Judge Fox did not err in finding appropriate the ALJ's reliance on the assessment of Dr. Wang, who was Plaintiff's treating physician during the relevant time, and the ALJ's rejection of other treating physician evidence as unsupported by the record.  The treating physician rule generally requires the ALJ to give controlling weight to the medical opinion of a claimant's treating physician, unless "the treating physician issued opinions that are not consistent with other substantial evidence in the record."  Halloran v. Barnhart, 362, F.3d 28, 32-33 (2d Cir. 2004).  Relevant factors in determining whether to ascribe controlling weight to a treating physicians' medical report include: "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other

its entirety for the reasons stated therein.

## CONCLUSION

For the foregoing reasons, the Report is adopted, the Commissioner's motion for judgment on the pleadings is granted, and Plaintiff's motion is denied. This Order resolves docket entries 17 and 18.

The Clerk of the Court is respectfully requested to enter judgment in favor of Defendant and close this case.

SO ORDERED.

Dated: New York, New York
       December 4, 2015

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." Id.